UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EDWARD LAVELY,

    Petitioner,               Case Number 2:15-CV-11245
                                       HONORABLE GEORGE CARAM STEEH

v.

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
THE MOTION FOR STAY OF PROCEEDINGS**

William Edward Lavely, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.

Petitioner has now filed a "Petition for Stay of Proceedings," in which he asks the Court to stay the petition and hold his case in abeyance so that he can file a post-conviction motion for relief from judgment in the state court. For the reasons stated below, the Court will deny the motion for a stay and abeyance without prejudice to petitioner filing a proper motion to hold that petition in abeyance.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,*

544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner is not entitled to a stay of proceedings because he failed to delineate the issues that he wishes to raise in his state post-conviction motion in the state courts, thus, this Court is unable to determine whether petitioner's claims have any potential merit or whether they are "plainly meritless."  Moreover, petitioner does not state why such claims have not been exhausted with the state courts, thus, he has failed, at this time, to establish good cause for failing to exhaust these claims in the state courts, so as to entitle him to a stay of the proceedings.  Petitioner's bare-bones motion for a stay of proceedings does not satisfy the requirements under *Rhines* for the issuance of a stay of proceedings. *See Cunningham v. Conway*, 717 F. Supp. 2d 339, 349 (W.D.N.Y. 2010).

The Court will deny petitioner's motion for stay and abeyance without prejudice to petitioner filing a properly filed motion to hold that petition in abeyance.

**IT IS ORDERED** that the "Petition for Stay of Proceedings" [Dkt. # 4] **IS DENIED WITHOUT PREJUDICE** to petitioner filing a proper motion to hold the petition in abeyance.

Dated:  April 21, 2015

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 21, 2015, by electronic and/or ordinary mail and also on William Lavely #848603, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk