UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EDWARD LAVELY,

    Petitioner,                    Case Number 2:15-CV-11245
                                          HON. GEORGE CARAM STEEH
v.                                        UNITED STATES DISTRICT JUDGE

KEVIN LINDSEY,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

William Edward Lavely, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A). For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

## I.    Background

Petitioner's granddaughters, KE and LL, testified that petitioner had sexually penetrated them when they were under 13 years of age.[1]

---

[1] Because the victims were minors at the time of the sexual assault, the Court will refer to these individuals by their initials only, as the Michigan Court of Appeals did in their opinion. See Fed. R. Civ. P. 5.2(a).

- 1 -

Petitioner denied sexually assaulting the victims. The jury chose to believe the victims.

Petitioner's conviction was affirmed. *People v. Lavely,* No. 312389, 2013 WL 5989671 (Mich.Ct.App. Nov. 12, 2013); *lv. den.* 495 Mich. 994 (2014).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could exhaust additional claims. *Lavely v. Winn,* No. 2:15-cv-11245, 2015 WL 2084675 (E.D. Mich. May 5, 2015).

Petitioner's post-conviction motion was denied by the trial court. *People v. Lavely,* No. 11-4322-FC (Clare Cty.Cir.Ct. Aug. 2, 2016). Petitioner was denied leave to appeal. *People v. Lavely,* No. 334604 (Mich.Ct.App. Mar. 6, 2017); *lv. den.* 501 Mich. 981 (2018).

Petitioner's case has now been reopened. Petitioner seeks habeas relief on the following ground: (1) Petitioner was denied the effective assistance of trial counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

Petitioner argues he was denied the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that trial counsel was ineffective in eliciting damaging information from the victims during cross-examination. The Michigan Court of Appeals rejected the claim:

> Defense counsel's inquiry of KE regarding inappropriate things that defendant had said to her was merely an attempt to clarify KE's direct examination testimony that defendant "says inappropriate things sometimes." When asked whether defendant's comments annoyed her, KE responded affirmatively. Having KE reiterate that defendant made comments that annoyed her allowed the jury to infer some level of hostility that could cause her to fabricate allegations against

- 4 -

him, a matter that counsel explored during his closing argument. Thus, defense counsel's inquiry appeared to constitute sound trial strategy.

With respect to defense counsel's questioning of LL regarding her allegation that defendant had sexually assaulted her in Detroit, the record shows that counsel was attempting to discredit LL. LL testified that defendant sexually assaulted her in Detroit approximately 25 to 30 times while he was babysitting her. To discredit her allegation and undermine LL's credibility in general, counsel questioned defendant's wife regarding whether defendant had ever babysat LL in Detroit. Defendant's wife denied that defendant had ever babysat LL in Detroit. She explained that LL's other grandparents had cared for LL as needed at that time in LL's life, which LL's aunt and brother confirmed. During closing argument, counsel used LL's testimony about the alleged sexual abuse in Detroit to call into doubt her character for truthfulness. Thus, counsel's questioning constituted sound trial strategy.

In addition, regarding defense counsel's inquiry of LL to expound on what she meant when she testified that defendant's attempts to penetrate her "hurt," counsel used that testimony to highlight the lack of physical evidence: Counsel argued during closing argument that although LL maintained that it "hurt," there was no report evidencing scarring, tearing, or anything of the sort. Thus, again, counsel's questioning constituted sound trial strategy.

*People v. Lavely*, 2013 WL 5989671, at * 2 (internal citations omitted).

Counsel's performance in eliciting allegedly prejudicial testimony from the victims was not deficient, so as to support petitioner's ineffective assistance of counsel claim; the questions were part of a legitimate strategy to cast doubt on the prosecution's case or the victims' credibility.

- 5 -

*See Campbell v. U.S.*, 364 F.3d 727, 734-35 (6th Cir. 2004); *See also Urban v. Ohio Adult Parole Auth.*, 116 F. App'x. 617, 622 (6th Cir. 2004).

Petitioner next claims that trial counsel was ineffective for calling a defense witness who offered damaging testimony against petitioner. The Michigan Court of Appeals rejected this claim:

> Defendant also contends that defense counsel called witnesses whose testimony aided the prosecution. Defendant cites to the testimony of "KA," KE's sister, who testified that the way that defendant said things "sometimes was kinda creepy." She also maintained that defendant made inappropriate comments about her physical appearance. Contrary to defendant's argument, the prosecution, rather than defense counsel, elicited that testimony from KA on cross-examination. During his redirect examination of KA, defense counsel attempted to mitigate the effect of that testimony by asking KA whether defendant is "an outgoing, joking-type individual" to which KA responded affirmatively. Thus, counsel's questions were strategically designed to mitigate the effect of the prosecutor's cross-examination of KA. Moreover, on direct examination, defense counsel elicited testimony that KA had no memory of an incident that allegedly occurred in defendant's bedroom. KE maintained that KA had been present during the incident. [2] Thus, defense counsel elicited testimony from KA that assisted defendant.

*People v. Lavely*, 2013 WL 5989671, at * 2.

Petitioner cannot show that trial counsel was ineffective for calling KA as a witness, since counsel's decision to call KA as a defense witness was part of a strategy to obtain favorable information from this witness. *See*

---

[2] The incident forms the factual basis of one of defendant's convictions. (Footnote original).

*Awkal v. Mitchell*, 613 F.3d 629, 642-43 (6th Cir. 2010). Counsel did, in fact, obtain favorable evidence from KA. This claim is without merit.

Petitioner next contends that counsel was ineffective in his questioning of KE's mother.

The Michigan Court of Appeals rejected this claim:

> Defendant next argues that defense counsel's questioning of KE's mother, "Laurie," corroborated an incident that KE had testified occurred in defendant's bathroom. Laurie testified that when KE was approximately six years old she told Laurie that defendant had wiped her vagina after she had used the toilet and wanted to talk to her about sex. Counsel asked Laurie whether she had taught KE to tell her if anything of a sexual nature occurred to KE. Laurie responded affirmatively and then testified that KE had told her about the incident in the bathroom. Notably, Laurie did not testify that KE had told her about any other alleged inappropriate conduct that occurred when KE was a child. Moreover, Laurie's testimony regarding the bathroom incident was at odds with Laurie's sister's testimony. Laurie denied that defendant had helped KE wipe her "tushie" and claimed that defendant had helped KE wipe her vagina. Laurie's sister, "Lisa," on the other hand testified that Laurie had asked her to talk to KE because KE told Laurie that defendant had helped wipe her butt in the bathroom and it made KE uncomfortable. Thus, defense counsel's questioning of Laurie and Lisa assisted defendant's case by casting doubt on the credibility of both KE and Laurie regarding the alleged bathroom incident. Further, counsel elicited testimony from Laurie that she had never observed anything to make her think that defendant had interacted inappropriately with KE.

*People v. Lavely*, 2013 WL 5989671, at * 3.

Counsel was not ineffective in asking these questions to KE's mother, because counsel was attempting to elicit this information to cast doubt on

- 7 -

the prosecution's case or the credibility of the victims. *Campbell v. U.S.*, 364 F.3d at 734-35; *Urban v. Ohio Adult Parole Auth.*, 116 F. App'x. at 622.

Petitioner next contends that trial counsel was ineffective for eliciting testimony from petitioner's sister that she had been sexually abused by their father until she was eleven years old. The Michigan Court of Appeals rejected this claim:

> Defendant argues that such testimony was not helpful because it is known that sexual abuse runs in families. The record shows that defense counsel relied on defendant's sister's history of sexual abuse and her experience as a nurse to strengthen her testimony that she never suspected that either KE or LL had been abused. Calling on defendant's sister's personal knowledge in such fashion was a reasonable strategic decision.

*People v. Lavely*, 2013 WL 5989671, at * 3.

Counsel's decision to ask petitioner's sister to testify about her own sexual abuse at the hands of their father in order to explain why she did not believe that the victims had been sexually abused was not ineffective because counsel did this to obtain favorable information from this witness. *Awkal*, 613 F.3d at 642-43.

Petitioner next contends that trial counsel was unprepared to question one of petitioner's character witness, Therese Sandomierski, because counsel was unaware of Sandomierski's professional credentials which would have permitted her to be qualified as an expert witness in

order to offer her expert opinion that petitioner had not sexually assaulted the victims. The Michigan Court of Appeals rejected this claim:

> Defendant also asserts that defense counsel was unprepared to question Therese Sandomierski, one of defendant's character witnesses. Sandomierski testified that Lisa is her closest friend and that defendant and his wife are like family to her. On cross-examination the prosecutor elicited testimony regarding Sandomierski's education, and Sandomierski testified that she has a doctorate degree in school psychology. On redirect examination defense counsel sought to qualify Sandomierski as an expert, but the trial court denied the request. Because defense counsel called Sandomierski as a character witness, which Sandomierski confirmed in the beginning of her testimony, he cannot be faulted for being unaware of her professional credentials. In any event, the trial court permitted Sandomierski to offer her lay opinion that, looking back at the time that she spent with defendant's family, there was no indication that defendant was sexually abusing either KE or LL. Thus, Sandomierski's opinion was admitted as evidence, albeit her lay opinion rather than her expert opinion was admitted. Accordingly, defendant has failed to show that trial counsel's performance fell below an objective standard of reasonableness.

*People v. Lavely*, 2013 WL 5989671, at * 3.

Petitioner cannot prevail on his claim that trial counsel was ineffective for failing to adequately prepare for Sandomierski's testimony because he failed to show how additional preparation would have been beneficial to his defense. *See Martin v. Mitchell,* 280 F. 3d 594, 607-08 (6th Cir. 2002). Petitioner is unable to show that he was prejudiced by counsel's failure to qualify Sandomierski as an expert in the area of sexual abuse, because

she was permitted to offer her opinion, albeit as a lay witness, that she saw no evidence that petitioner was sexually abusing his granddaughters.

Petitioner next claims that counsel was ineffective for asking petitioner's wife questions about their sex life. The Michigan Court of Appeals rejected this claim:

> Defendant's wife testified that they used to engage in sexual intercourse three or four times a week, but that decreased to once every two months approximately 20 years previously because defendant began experiencing chest pains and other ailments. When asked whether it was painful for defendant to engage in sexual intercourse, defendant's wife responded affirmatively because defendant would have chest pains. Defendant fails to indicate how his wife's testimony harmed his case. In fact, counsel used the testimony to discredit LL's claim that defendant sexually assaulted her approximately 20 or 30 times in his Detroit home. Thus, defendant's challenge lacks merit.

*People v. Lavely*, 2013 WL 5989671, at * 4.

Conclusory allegations of ineffective assistance of counsel do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner offers no reasons why defense counsel's questions to petitioner's wife were deficient or prejudicial, particularly where petitioner's wife's testimony was used to discredit LL's testimony.

Petitioner lastly claims that trial counsel was ineffective for allowing him to testify and to inadequately prepare petitioner for the witness stand.

Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses or present evidence are matters of trial strategy. See *Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). Petitioner bears the burden of proving that counsel's decision to let him testify could not be considered sound trial strategy under the circumstances. See *Carter v. United States,* 160 F. Supp. 2d 805, 812 (E.D. Mich. 2001). It was not unreasonable for counsel to believe, particularly in light of the facts in this case, that petitioner was unlikely to be acquitted unless he took the stand and explained his side of the story. See *Flamer v. State of Delaware*, 68 F. 3d 710, 730-731 (3rd Cir. 1995); *See also United States v. Johnson-Wilder,* 29 F. 3d 1100, 1105 (7th Cir. 1994). To the extent that petitioner claims that counsel did not adequately prepare him for the witness stand, this claim fails because petitioner failed to show how additional preparation time would have improved his testimony. See *Hutchison v. Bell*, 303 F. 3d at 748.

### IV. Conclusion

The petition for writ of habeas corpus is denied. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate

this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, a certificate of appealability is denied because petitioner failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

IT IS ORDERED that:

(1) the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

(2) a Certificate of Appealability is **DENIED.**

(3) Petitioner is **DENIED** leave to appeal *in forma pauperis.*

Dated: October 9, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 9, 2019, by electronic and/or ordinary mail and also on William Lavely #848603, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk